## PROOF OF ACCOUNT BY MEANS OF SALE SLIPS.

Circuit Court of Cuyahoga County.

M. A. O'BRIEN v. THE W. J. WESTGATE COMPANY.

Decided, January 25, 1909.

*Evidence—When Sale Slips Admissible.*

Slips upon which all sales are written with the balance carried forward from one slip to another are admissible in evidence as original entries where no other books are kept, but a balance upon a slip obtained from a prior slip since destroyed is not admissible.

*Morton W. Cope,* for plaintiff in error.
*F. T. Cullitan,* contra.

HENRY, J.; WINCH, J., and METCALFE, J. (sitting in place of Marvin, J.), concur.

The action below originated in a justice's court with the parties standing in the relation opposite to that in which they stand here and stood in the court of common pleas The bill of particulars made claim for recovery for necessaries, to-wit, groceries sold by the Westgate Company to O'Brien, and judgment was rendered for the full amount claimed.

O'Brien prosecuted error to the court of common pleas where the judgment of the justice's court was affirmed, and error is now prosecuted to this court.

The bill of exceptions does not purport to set forth all the evidence, but simply enough to show the error relied upon, to-wit, the admission in evidence of sundry sales slips which, taken in chronological order, were posted by carrying forward the total from one slip to another, so that the aggregate thus written upon the final slip embraces the amount of all the items of groceries sold, as indicated in the whole number of slips. Not only was the admission in evidence of these slips by the trial court objected by O'Brien upon the ground that they were not properly books of account or of proper original entry, but the first slip in particular was objected to for the reason that it purported to commence with the balance brought forward from previous slips said to have been destroyed upon the rendition of a statement of account to that date.

No other books of account were kept by the Westgate Company, and it is suggested in argument before us that this method of bookkeeping is now almost universal amongst retail tradesmen in this community.

Without determining whether strictly speaking the slips admitted in evidence together constitute a book account, properly so-called, within the meaning of our statute, it is clear that in so far as this account embraced the original entries made in the usual course of business, they were admissible. The first slip, however, so far as it includes and carries into the account a balance derived from previous slips, now destroyed, is clearly not an original entry of this sort, and is therefore not admissible in evidence upon that theory. But the bill of exceptions discloses an effort to prove an account stated to the amount of this balance in the presentation of an itemized statement thereof to O'Brien's wife, by whom the purchases were made and from whom, after the presentation of said statement, a payment on account of $25 was received by the company and duly credited on one of the subsequent slips in evidence. This, of itself, would not suffice as proof of an account stated between the parties to the action, because although O'Brien's wife may be presumed to have made what-

ever purchases of groceries she negotiated with authority implied in law to charge her husband therefor as necessaries for family use, yet her agency thus arising can not be deemed to extend to an implied authority from her husband to state an account as between him and the creditor here.

The bill of exceptions does not disclose whether this link in the chain of evidence sought to be produced was supplied by testimony tending to show that the husband had in fact conferred upon his wife the necessary authority to bind him in such a statement of account between him and the company. With this link supplied the sum total of the account stated might well become the subject of an entry carried forward and incorporated into the subsequent accounts kept by the company of its sales to O'Brien. The question is not to be approached as if the evidence complained of were manifestly inadmissible. In that event, we should have no alternative but to say that the error committed in admitting such testimony was presumably prejudicial to the plaintiff in error. Rather must this assignment of error be considered from the standpoint of admissibility of the evidence pursuant to the theory, of the case actually entertained by the plaintiff, as disclosed by the bill of exceptions, for aught the bill of exceptions discloses, evidence was produced, which according to this theory, would render the evidence complained of perfectly competent. Upon this assumption, we can not say that any prejudicial error was committed in admitting the first slip in evidence.

We find no error in the record and the judgment below is affirmed.